# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| PAUL SUMMONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) CIVIL ACTION NO.: _____ |
| CITIZENS LANES, LLC and TRI BUI, | ) ) |
| Defendants. | ) ) ) |

# COMPLAINT

Plaintiff PAUL SUMMONS ("Plaintiff") hereby files this Complaint against Defendants CITIZENS LANES, LLC and TRI BUI ("Defendants") and for this cause of action states the following:

### *Nature of the Claim*

1. Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which have deprived Plaintiff of his lawful wages.

2. This action seeks overtime compensation, liquidated damages, expenses of litigation, reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

### *Jurisdiction and Venue*

3.     This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.  Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4.     Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

### *The Parties*

5.     Plaintiff is a resident of Georgia and began his employment with Defendants in May 2011 at Defendants' bowling alley in Union City, Georgia as an assistant general manager.

6.     Defendant Citizens Lanes is organized under the laws of the State of Georgia and is authorized to do business in Georgia.  Defendant Citizens Lanes maintains its principal office at 5100 Goodson Connector, Union City, Georgia, 30291.  Defendant Citizens Lanes can be served via its registered agent, Tri Bui, located at 4124 Treemont Lane, Suwanee, GA 30024.

7. At all times relevant to this action, Defendant Bui was Defendant Citizens Lanes's owner and Chief Executive Officer, acted in the interest of an employer toward Plaintiff, hired Plaintiff, terminated Plaintiff's employment, exercised responsibility and control over Plaintiff's compensation and terms of employment, and was a corporate officer with operational control of the covered enterprise. Therefore, Defendant Bui may be held liable in his individual capacity as an "employer" for Defendants' FLSA violations.

8. Upon information and belief, Defendant Bui is a resident of Gwinnett County, Georgia.

9. At all times relevant to this action, Defendants operated their bowling alley within this judicial district.

### *Factual Allegations*

10. At all times relevant to this action, Defendants were "employers" within the meaning of 29 U.S.C. § 203(d).

11. At all times relevant to this action, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because they had employees engaged in commerce and because their annual gross sales volume exceeds $500,000.

12. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

13. At all relevant times, Defendants employed Plaintiff as an assistant general manager and regularly required or permitted Plaintiff to work in excess of 40 hours per week.

14. From May 2011 to approximately September 2012, Defendants classified Plaintiff as exempt from the FLSA's overtime requirements and paid him a specified weekly salary of $416.50 per workweek.

15. Defendants could not properly classify Plaintiff as exempt from the FLSA's overtime requirements from May 2011 to approximately September 2012 because they did not compensate him on a salary basis of not less than $455 per workweek.  Therefore, Defendants were required to pay him during that time not less than 1.5 times his regular rate for all work that he performed over forty hours in a workweek.

16. Apparently realizing that they could not properly classify Plaintiff as exempt from the FLSA's overtime requirements and pay him a weekly salary of $416.50 per week, in approximately September 2012 Defendants raised Plaintiff's weekly salary to $500.00 per week.

17. From May 2011 to approximately September 2012, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate him at a rate of pay equal to one and one half times his regular rate. Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not properly compensated.

18. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

19. Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

20. Plaintiff consents to participate in this action. Plaintiff's consent is attached hereto as Exhibit 1 and is a part hereof for all purposes pursuant to Fed. R. Civ. P. 10(c).

## COUNT 1

**(Overtime Compensation Due Under 29 U.S.C. § 207)**

21. Plaintiff re-alleges paragraphs 1 through 19 above and incorporates them here by reference.

22. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all

work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

23. Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

24. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court award Plaintiff:

   i.   damages in the amount of his unpaid overtime wages, according to proof, and pursuant to the FLSA;

   ii.  an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

   iii. prejudgment interest;

   iv.  costs of suit, including expenses incurred herein, pursuant 29 U.S.C. § 216(b);

   v.   reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b); and

      vi.    such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: December 19, 2013

                      By: s/ Andrew L. Weiner
                           Andrew L. Weiner
                           Georgia Bar No. 808278
                           aw@atlantaemployeelaywer.com
                           THE WEINER LAW FIRM LLC
                           3525 Piedmont Road
                           7 Piedmont Center
                           3rd Floor
                           Atlanta, GA  30305
                           (404) 254-0842 (Tel.)
                           (866) 800-1482 (Fax)

                           COUNSEL FOR PLAINTIFF